PRICE v. BROCKWAY.

(First Division.   Skagway.   October, 1901.)

No. 1,132.

1. EJECTMENT—PUBLIC LAND—TOWN SITE.

One who erects a cabin upon a town lot in Alaska, and ac-
quires the undisputed possession and occupancy thereof, may
maintain ejectment against another, who ousts him of posses-
sion by going into his cabin and claiming possession thereby.

2. PUBLIC LANDS—TOWN SITE—INPROVEMENTS—POSSESSION.

One who lays out a town site into lots, blocks, streets, and
alleys acquires no rights thereby.  Such lots can be held only by
one in the actual use, occupation, or possession thereof, and
such use, occupation, and possession may be evidenced by stakes,
fencing, buildings, residence, and other improvements showing
the fact.

Without referring in detail to the evidence in this case, the
court is of the opinion that the evidence as a whole shows
substantially the following facts:

That lot No.——— in block ——— in the town of Skag·
way, the property in question, had been occupied by Mr.
Price's grantors for a year, or perhaps more, prior to the
time Mrs. Brockway attempted to take possession of the
same; that a cabin had been erected on the lot; that some
timber had been cut and placed around the lot as a fence, to
indicate the boundaries of the same; that the fence, though
poorly constructed, and hardly worthy the name of a fence,
was evidently sufficient to show the boundaries of the claim
made to the lot, and to maintain in part the plaintiff's right
of possession; that the cabin, though not a large structure,
nor of palatial proportions, was sufficient in itself to enable
a person to live therein; and that at the time the defendant

went upon the lot this cabin was there, and some evidence of the fence.

It is not claimed by Mrs. Brockway that she owned the cabin, or that she constructed the same; the most claimed by her being that she had made some repairs upon the cabin in the way of putting in a door and window, and cleaning the same out so as to make it habitable. She claims that after this was done her son went into the cabin, and was in possession at the time this suit was brought, and holding the possession of the same for the benefit of the defendant.

J. G. Price, in propria persona.

I. N. Wilcoxen, for defendant.

BROWN, District Judge. It is clear from these facts that the defendant, Mrs. Brockway, had no right or interest in the cabin, and no right whatsoever to take and occupy the same over the objection of the owner thereof, Mr. Price. Indeed, no contention is made on behalf of Mrs. Brockway that she had a right to the cabin, the only contention of counsel for the defendant being practically this: that a suit in eject-ment cannot be maintained under the facts and circumstances of this case, and that the plaintiff has mistaken his remedy, if he has a remedy.

In this connection it may be said that the contention of plaintiff's attorney is sustained by many authorities. How-ever, the court of last resort for Alaska having passed upon the question at issue here, this court is bound by that deci-sion. In the case of Carroll v. Price (D. C.) 81 Fed. 137 (de-cided by my learned predecessor, Judge Delaney), it is held:

"The possessory right in and to government lands, when once ac-quired, may be conveyed from one person to another, and instru-ments in writing making such conveyances are admissible in evi-dence, and may be considered * * * as tending to establish pos-session."

The court in that case said:

"While the paramount title to all lands in Alaska is in the United States, Congress and the general government have recognized for a great many years the right of the American citizen to go onto public lands, occupy, possess, use, and improve the same, with the view of ultimately obtaining title thereto from the general government, whenever the same shall be opened to purchase; and in this district this right is expressly recognized by Congress in the first proviso of section 8 of the act of May 17, 1884 [23 Stat. 26, c. 53], providing a civil government for Alaska."

Among other instructions requested and given by the court in that case, I find the following:

"This is an action in what is known as ejectment. The plaintiff, to recover in this action, must do so upon the strength of his own title, and not upon the weakness of the defendants' title."

It will be seen, therefore, that in the case referred to practically the same propositions presented in this case arose, to wit, the propositions, so earnestly contended for on behalf of defendant's counsel, that this is an action for ejectment, and that ejectment cannot be maintained for mere possessory right.

It is clear that this court, in the case referred to, held that an action in ejectment can be maintained under circumstances precisely the same as those involved in this case.

In the case of Malony v. Adsit, 175 U. S. 281, 20 Sup. Ct. 115, 44 L. Ed. 163, on appeal to the Supreme Court of the United States, Mr. Justice Shiras, speaking for the court, in discussing the same proposition involved here, says:

"In the condition of things in Alaska under the act of May, 1884, providing a civil government for Alaska, and under the twelfth section of the act of March 3, 1891 (26 Stat. 1100 [U. S. Comp. St. 1901, p. 1467]), the only titles that could be held were those arising by reason of possession and continued possession, which might ultimately ripen into a fee-simple title under letters patent issued to

such prior claimant, when Congress might so provide by extending the general land laws or otherwise"

—Citing Davenport v. Lamb, 13 Wall. 418, 20 L. Ed. 655.

Again, this learned justice, quoting Mr. Justice Brewer in Bennett v. Harkrader, 158 U. S. 447, 15 Sup. Ct. 863, 39 L. Ed. 1046, says:

"Where the complaint alleges that the plaintiff is entitled to the possession of certain described property, which is unlawfully detained by the defendant, and the possession of which the plaintiff prays to recover, a general verdict for the plaintiff is a finding that he is entitled to the possession of all the property described in the complaint. Again, in this action, brought under a special statute of the United States, in support of an adverse claim, but one estate is involved in the controversy. No title in fee is or can be established. That remains in the United States, and the only question presented is the priority of right to purchase the fee. Hence the inapplicability of a statute regulating generally actions for the recovery of real estate, in which actions different kinds of title may be sufficient to sustain the right of recovery. It would be purely surplusage to find in terms a priority of the right to purchase, when that is the only question that can be litigated in such statutory actions."

Judge Shiras says:

"This principle applies more strongly to the present case, in which the real nature of the plaintiff's estate in the property is truly alleged as ownership by right of prior occupancy and actual possession, and was so found to be by the trial court.

"The same view of the nature of a title to a lot in a town site in Alaska, under these acts of Congress, was expressed by the District Court of the United States for the District of Alaska in the case of Carroll v. Price [D. C.] 81 Fed. 137. As, then, the only kind of estate that could be held was that of possession, it was sufficient for the plaintiff to allege that his was of that nature."

It will be seen that the Supreme Court of the United States quotes the case of Carroll v. Price approvingly, and settles, as it seems to me, the question so earnestly contended for by counsel for the defendant adversely to his claim.

It has always been held that a person who takes possession of any portion of the public domain may, as long as he continues to possess such tract, hold it against all persons whomsoever, except the United States, where the paramount title to the land is vested. This right of possession, as a legal right, is created and maintained by certain acts on the part of the person asserting it, and it is a legal right that can be maintained by this form of action.

The questions that frequently arise out of such cases present matters of uncertainty as to whether the possession has been actual and continuous, or whether said right of possession was a mere pretense. If a man goes out upon the public domain and causes to be surveyed a town site, laying out streets, lots, and blocks, and duly and properly numbering the same, he does not, by that act alone, acquire rights of possession, nor any right that would give him control of the land so surveyed, or any part thereof. If, in addition to the survey, application is properly and lawfully made to the United States for a grant of the land by letters patent, and all the proceedings are regular in that behalf, showing a bona fide purpose to acquire the title from the United States, and a man goes and settles upon a lot under such circumstances, claiming the same, and putting improvements thereon, such as a cabin, etc., he would thereby evidence his purpose to acquire a title ultimately to said land, when a patent should be regularly granted by the United States; and he might, perhaps, under such circumstances, acquire such title of possession as to enable him to maintain this suit. Or, if he marked the boundaries of his lot by substantial posts set in the ground at the corners, or fenced a lot of ground upon the public domain, and thereby reduced it to possession, and kept the fences or other evidence of description in repair, so that his possession remains continuous, he might maintain his right of possession of the ground so inclosed

as against all save and except the United States, and might, if his possession were disturbed by another, bring suit in ejectment to recover the same.

It is contended by the defendant in this case that the land was not fenced, and it further appears by her own testimony that she has placed no fence of her own upon the lot; that the only fence now there is one which was erected by an adjoining lot owner upon the line between this and another lot. There is no inclosure now. The defendant has occupied the cabin that does not belong to her, but does belong to the plaintiff. Whatever improvements there may be upon the lot belong to the plaintiff. The defendant's possession is in no respect different from that of the plaintiff during the time that he and his grantors occupied the property. The defendant has simply gone onto this property, dispossessed him, and maintained the possession of the cabin unlawfully.

The court will therefore order judgment for the plaintiff in this case. Judgment accordingly.