WALKER ET AL., APPELLANTS, *v.* PENNINGTON ET AL.,
RESPONDENTS.

BLACKBURN ET AL., INTERVENORS AND RESPONDENTS.

(No. 1,676.)

(Submitted January 6, 1903. Decided January 19, 1903.)

*Mining Claims—Location—Declaratory Statement — Description of Corners—Sufficiency.*

Political Code, Section 3611, declares that the locator of a mining claim must define the boundaries by marking a tree or rock or setting a post or stone at each corner, and that, when a post is used, it must be at least 4 inches square by 4 feet 6 inches in length set 1 foot in the ground with a mound of earth or stone 4 feet in diameter by 2 feet high around it. Section 3612 provides that within ninety days of posting the location notice on a claim there must be filed in the county clerk's office a declaratory statement, which must contain, among other things, "the location and description of each corner, with the markings thereon." A declaratory statement described each corner as "a stake over four inches square, set at least one foot in the ground, and surrounded with a mound of earth and stone 4 feet in diameter and 2 feet high," etc. The corner posts were in fact 4½ feet high. *Held,* that the description of the corner posts was a substantial compliance with the statute, and not fatally defective for failure to state that the corner posts were 4½ feet high.

*Appeal from District Court, Madison County; M. H. Parker, Judge.*

ACTION by William Walker and others against M. H. Pennington and others. From a judgment for defendants, plaintiffs appeal. Reversed.

*Mr. W. A. Clark,* and *Mr. Lew L. Callaway,* for Appellants.

*Mr. J. N. Kirk,* for Defendants and Respondents.

*Mr. G. M. Parr,* for Intervenors and Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In this action the plaintiffs claim ownership and right of pos-

session of the Dictator lode mining claim, situate in Madison county; Montana, and brought this action to recover damages for trespass upon and for ores extracted from such claim, and to secure an injunction restraining defendants from a repetition of the acts complained of. The answers of the several defendants (some of whom are designated "intervenors") deny the ownership of the plaintiffs to the ground in controversy, and put in issue the validity of the location under which the plaintiffs claim, and set up claim to the same ground as follows: Defendant Pennington, by virtue of the Excelsior lode mining claim, located upon the same ground; the defendants John E. Deno, Frank B. Deno, and Mack E. Stacy, by virtue of the Mountain View lode mining claim, located upon the same ground; and the defendants George M. Barry and George E. Blackburn, by virtue of the Copper Bell lode mining claim, located upon the same ground. Upon the trial of the cause the plaintiffs offered in evidence their declaratory statement which had been made and filed by them in the office of the county clerk and recorder of Madison county, and which is as follows:

"Notice of Location and Declaratory Statement of Discovery and Claim to Quartz Lode Mining Claim. Dictator Lode Mining Claim, unorganized Mining District, Madison County, State of Montana.

"The undersigned, who are citizens of the United States, hereby declare and give notice to all persons concerned that they did, on the eighth day of November, A. D. 1899, discover a quartz lode or vein bearing gold, silver, cinnabar, lead, tin, copper, and other valuable metals and deposits, to be known as the 'Dictator Quartz Lode Mining Claim,' and did on said day duly locate and claim, by virtue of chapter 6 of title 32 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 1422) and the laws of the state of Montana, three hundred feet in a northerly direction and twelve hundred feet in a southerly direction from the center of the discovery cut and shaft (at which cut and shaft this notice and statement is posted), and three hundred feet on each side from the middle or center of said lode or vein at the surface; comprising in all 1,500 feet

in length along said vein or lode, and 600 feet in width. The general course of said vein or lode is northerly and southerly. This lode is situated in (unorganized) mining district, in the county of Madison and state of Montana, and is about one-half of a mile west of the dwelling house of Alex. McKay, on Bevin's Gulch, in Madison county, Montana, and joins the Bell Union lode claim on the north. The exterior boundaries of this location are distinctly marked by posts or monuments at each corner of the claim, so that its boundaries can be readily traced, viz.: Beginning at a red pine tree in center of north end line, 300 feet north of discovery shaft and cut, and running thence in a westerly direction 300 feet to corner No. 1, northwest location corner, a stake over four inches square, marked 'Cor No. 1, N. W. Cor., Dictator Lode, Located Nov. 8th, 1899, William Walker and Lane Walker, Locators;' thence running in a southerly direction 1,500 feet to southwest location corner, cor. No. 2, a stake over four inches square, marked 'Cor. No. 2, S. W. Cor., Dictator Lode, Located Nov. 8th, 1899, William Walker and Lane Walker, Locators;' thence running in an easterly direction 600 feet to S. E. location cor., cor. No. 3, a stake over four inches square, marked 'Cor. No. 3, S. E. Cor., Dictator Lode, Located Nov. 8th, 1899, William Walker and Lane Walker, Locators;' thence in a northerly direction 1,500 feet, to northeast location cor., cor. No. 4, a stake over four inches square, marked 'Cor. No. 4, N. E. Cor., Dictator Lode, Located Nov. 8th, 1899, William Walker and Lane Walker, Locators;' thence in a westerly direction 300 feet to center red pine tree, place of beginning, a red pine tree over four inches square, marked 'Center Stake, Dictator Lode, Located Nov. 8th, 1899, William Walker and Lane Walker, Locators.' Each of said corner stakes and end stake is set at least 1 foot in the ground, and surrounded with a mound of earth and stone four feet in diameter and two feet high. The dimensions of the discovery cut and shaft are as follows: Cut 35 feet long and four feet wide along the vein, and a shaft four feet deep at end of cut. That in said discovery cut and shaft is shown a well-defined crevice and valuable deposit of gold, copper, and silver bearing

ore.   The undersigned intend to hold this claim, with all the rights and privileges as to surface ground and lodes, veins, or ledges within the boundaries of said claim and otherwise, and the metals, minerals, and valuable deposits of every kind contained in said veins, lodes, or ledges, or within said boundaries, which are given or allowed by the laws of the United States aforesaid, or of the state of Montana; and to record this notice and statement, under oath, in the county recorder's office of said county, as provided by law.

"Dated this thirteenth day of December, 1899, and signed.

"J. L. WALKER,

"WILLIAM WALKER.

"Locators and Claimants."

(With proper affidavit.)

To this offer the defendants objected on the ground that it was incompetent, irrelevant, and immaterial, and further upon the ground that such declaratory statement does not comply with the requirements of Sections 3611 and 3612 of the Political Code of Montana, which objection was by the court sustained. Plaintiffs then made the following offer to prove: "Now come the plaintiffs, and offer to prove by the witness William Walker, now on the stand, the following facts: That upon the 8th day of November, 1899, he discovered a vein or lode upon what is known and called the 'Dictator Lode,' situated in unorganized mining district in Madison county, Montana, about one-half mile westerly from the dwelling house of Alexander McKay. That upon that day he posted upon said claim a notice containing the name of the lode, the name of the locators, the date of the location, and the number of linear feet claimed in length along said lode on each side from the point of discovery. That within ninety days thereafter he staked the boundaries of said lode by putting at each corner of the claim a stake five and one-half feet in height, four inches square, set one foot in the ground, surrounded by a mound of earth four feet in diameter and two feet high; each of said corner stakes being marked with the geographical name of the corner, the number of the corner, the date of the location, the name of the location, and the names of

the locators. That within said ninety days he caused a cut to be run upon said Dictator lode claim,—a cut along the vein thereof 35 feet long, 4 feet wide, and 4 feet deep; and that in said cut or shaft was a well-defined crevice or valuable deposit of gold, copper, and silver bearing ores. That within the said ninety days he caused to be made and filed 'for record in the office of the county clerk and recorder of Madison county, Montana, a notice of location of the Dictator lode. That at the time he made the location and discovery of the Dictator lode the ground located by him as said Dictator lode was open and unappropriated mineral ground of the United States. That he entered into possession of the said Dictator lode, and proceeded to work and mine the same. That on or about the 27th day of November, 1899, and prior to the commencement of this action, the said defendants Pennington, Frank B. Deno, John E. Deno, and Mack E. Stacy, Frank Dean, and Thomas Murphy, entered upon said premises claimed by plaintiffs as the Dictator lode, and proceeded to mine and extract therefrom valuable ores, and did mine and extract therefrom valuable ores to the value of $200, and that the plaintiffs were damaged by the acts of these defendants in the sum of $200, and that this damage has never been paid,"—to which defendants objected on the ground that the evidence was incompetent, irrelevant, and immaterial; which objection was sustained by the court, and thereupon a motion for nonsuit was interposed and sustained, and a judgment for costs rendered against the plaintiffs, from which judgment this appeal is prosecuted.

The only questions presented here are: First, did the court err in excluding the declaratory statement? and, second, did it err in excluding the offered testimony, in granting the motion for nonsuit, and in entering judgment against the plaintiffs for costs?

The objection made to the introduction of the declaratory statement is predicated upon the proposition that it does not comply with the requirements of Section 3612 of the Political Code. Unless one had been enlightened, it is no easy task to discover the defect claimed to exist, but a careful examination

of the declaratory statement discloses the fact that in describing the corners of the claim no mention is made of *the length of the posts used,* and this is the only defect in the statement to which the attention of this court has been drawn.

Section 3611 of the Political Code provides, among other things, that the locator of a mining claim must define the boundaries of his claim by marking a tree or rock in place, or by setting a post or stone at each corner or angle of his claim. When a post is used, it must be at least four inches square by four feet six inches in length, set one foot in the ground, with a mound of earth or stone four feet in diameter by two feet in height around the post. Section 3612 is as follows: "Within ninety days of the date of posting the location notice upon the claim, there must be filed in the office of the county clerk of the county in which the lode or claim is situated, a declaratory statement, which must contain: (1) The name of the lode or claim. (2) The name of the locator or locators. (3) The date of location, and such description of the location of said claim with reference to some natural object or permanent monument as will identify the claim. (4) If a lode claim, the number of lineal feet claimed in length along the course of the vein each way from the point of discovery, with the width on each side of the center of the vein, and the general course of the lode or vein as near as may be. (5) If a placer or mill site claim, the number of acres or superficial feet claimed. (6) The dimensions and location of the discovery shaft, or its equivalent, sunk upon lode or placer claims. (7) The location and description of each corner, with the markings thereon. Such declaratory statement must be verified by the oath of the locator, or one of the locators, and in case of a corporation by an officer thereof duly authorized to act."

The declaratory statement under consideration, then, is conceded to meet fully all the requirements of this section, except such as are contained in subdivision 7 thereof, which subdivision requires that the declaratory statement shall show on its face: (a) the location of each corner; (b) the description of each corner; and (c) the markings on each corner. There is no

contention made that the declaratory statement under consideration does not meet fully the requirements "a" and "c," above, and the case then hinges upon the interpretation of the phrase "the description of each corner," and its application to the facts in the case at bar.

What is *the description of each corner* as given in this declaratory statement? A consideration of the description of one of the corners as contained in this declaratory statement will apply to all, and will be sufficient for this discussion, as the description is alike to all, except that the geographical initials are different on the different posts to indicate their positions. The northwest corner is thus described: "A stake over four inches square, set at least one foot in the ground, and surrounded with a mound of earth and stone four feet in diameter and two feet high, and marked 'Cor. No. 1, N. W. Cor., Dictator Lode, located Nov. 8th, 1899, Wm. Walker and Lane Walker, Locators.'" Is this a description within the meaning of that term as used in Subdivision 7 of Section 3612, above? It is certainly *a* description; but it is contended by respondents that, as Section 3611 requires that such corner posts must be at least four feet six inches in length, that fact must also appear from the face of the declaratory statement, and, if it does not, the statement is absolutely void. In support of this contention the case of *Purdum* v. *Laddin*, 23 Mont. 387, 59 Pac. 153, is cited. In that case the declaratory statement offered contained the following: "This location is distinctly marked on the ground, so that its boundaries can be readily traced, by a stake set at discovery shaft, where this notice and statement is posted this 15th day of October, A. D. 1895, and by substantial posts or monuments of stone at each corner of the claim; and the exterior boundaries of the claim, as marked by said posts or monuments, are as follows, to-wit: Beginning at the N. E. corner, No. 1, a nut pine tree on the south bank of Cataract creek, about ½ mile S. W. of Mammoth Lake, and extending 1,500 feet in a westerly direction to N. W. corner, No. 2, on the southwest bank of Cataract Lake; thence southerly direction, 600 feet, to corner No. 3; thence easterly 1,500 feet to corner No. 4, which corner is a bal-

sam a fir tree.; thence north 600 feet, to place of beginning."
The decision of this court in *Purdum* v. *Laddin,* above, is, in
effect, that the declaratory statement offered in evidence in that
case was not a substantial compliance with the requirements of
Section 3612, and nothing more. In that case it was said: "In
granting a new trial, the district court did not err. Section
3612 of the Political Code provides that within ninety days
from the date of posting upon the claim the location notice re-
quired by Section 3611 there must be filed with the county
clerk a declaratory statement, which must contain, among other
things: '(7) The location and description of each corner, with
the markings thereon.' The statute is mandatory, and substan-
tial compliance with its provisions is necessary to perfect a valid
location." From that declaratory statement it will be observed
that no attempt is made at any description whatever of at least
two of the corners. It cannot be ascertained whether they are
trees, rocks in place, or posts, and no statement of the markings
on any of the corners is pretended to be made; and, if it be
conceded that the description of the corners in the declaratory
statement offered in evidence in this case might have been made
more exact by giving the length of the corner posts, it cannot
be said that the omission to do so renders it absolutely void, or
that no description is given because of such omission.

In.the judgment of this court the decision in the case of *Pur-
dum* v. *Laddin,* above, has little or no application to the facts
in this case; but, so far as the statement contained therein to the
effect that the provisions of Section 3612, above, are mandatory,
and that substantial compliance therewith is necessary to per-
fect a valid location, is concerned, we have no hesitancy in here
reaffirming it.

In discussing the same sections (Sections 3611, 3612) of our
Code, as well as the statutory requirements of other states upon
the same subject, Mr. Lindley, in his work on Mines, says:
"While the requirements of these several laws should be ful-
filled to a reasonable degree, a substantial compliance, where the
good faith of the locator is manifest, would undoubtedly be
held sufficient. Such statutes are, as a rule, liberally construed.

Slight variations should not be permitted to invalidate a location otherwise valid." (Lindl. Mines, Sec. 374.) And again: "To hold him [the miner] to absolute technical strictness in all the minor details, would be practically to defeat the manifest end and object of the law. The pioneer prospector, as a rule, is neither a lawyer nor a surveyor. Neither mathematical precision as to measurement nor technical accuracy of expression in the preparation of notices is either contemplated or required. The law, being designed for the encouragement and benefit of the miners, should be liberally interpreted, 'looking to substance, rather than shadow, and should be administered on the lines of obvious common sense.' Mere imperfections in the certificate will not render it void." (*Id.* Sec. 381.)

We conclude, therefore, that the declaratory statement offered in evidence by the plaintiffs was a substantial compliance with the requirements of Section 3612, above, and that in excluding it the trial court committed error.

No contention is made that, as a matter of fact, the corner posts on the claim were not four feet six inches in length; on the contrary, the plaintiffs offered to prove that to be the fact, but this evidence, along with the other evidence necessary to make out plaintiffs' *prima facie* case, was excluded evidently upon the ground that, the declaratory statement having been excluded, it was not competent for the plaintiffs to prove the facts contained in their offer to prove by oral testimony. In this, we think the district court erred, and, as the judgment of nonsuit is based upon the failure of plaintiffs to prove the very facts contained in their declaratory statement and offer to prove, it follows that the judgment itself was erroneously entered.

The judgment is reversed, and the cause remanded, with directions to the district court to proceed in accordance with the views herein expressed.

*Reversed and remanded.*