HEILMAN, RESPONDENT, v. LOUGHRIN ET AL., APPELLANTS.

(No. 4,101.)

(Submitted February 26, 1920.   Decided March 15, 1920.)

[188 Pac. 370.]

*Mining Claims—Quieting Title—Defective Certificate of Location—Relocation—Estoppel—Costs—Equity—Findings—Conclusiveness.*

Mines and Mining—Purpose of Certificate of Location.
1.   The purpose of a recorded certificate of location of a quartz lode mining claim is to impart to subsequent locators constructive notice of the existence of the claim, its location and extent.

Same—Defects in Certificate of Location—When Immaterial.
2.   As to parties who had actual notice of the location and boundaries of a mining claim when they relocated it, defects in a recorded certificate of location filed by the original locator must be deemed immaterial.

Same—Relocation—Defective Certificate of Location—Estoppel.
3.   One claiming under a relocation of mining ground by virtue of a prior locator's forfeiture impliedly admits the validity of the prior location and is estopped to assert defects in the certificate of location in an action to quiet title.

Equity—Appeal and Error—Findings—Conclusiveness.
4.   In equity cases, the findings of the trial court will not be disturbed on appeal, unless the evidence clearly preponderates against them.

Quieting Title—Plaintiff Successful in Part—Costs—Discretion.
5.   The disposition of the question of costs in an action to quiet title to two quartz lode mining claims, in which plaintiff prevailed as to one claim and defendants as to the other, *held* to have been within the sound, legal discretion of the trial court (Rev. Codes, sec. 7156), with whose action in allowing costs to plaintiff only the supreme court will not interfere in the absence of a showing of a manifest abuse of discretion.

*Appeal from District Court, Granite County; George B. Winston, Judge.*

ACTION by Anna Heilman against Pat and Patsy Loughrin. From a judgment for plaintiff and an order denying them a new trial, the defendants appeal.   Affirmed.

*Mr. Wingfield L. Brown* and *Mr. R. Lewis Brown,* for Appellants, submitted a brief, the former arguing the cause orally.

*Mr. D. M. Durfee* and *Mr. W. E. Moore,* for Respondent, submitted a brief; *Mr. Durfee* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action to quiet title to two unpatented quartz lode mining claims designated, respectively, the Copper Queen and Anna. The complaint states a separate cause of action with reference to each claim and is in the form usually employed in such cases. In answer to the first cause of action, defendants deny that plaintiff is, or at any time subsequent to January 1, 1916, was, the owner; in possession, or entitled to the possession of the Copper Queen claim, and admit that defendants assert title to the premises in question. As an affirmative defense it is alleged that whatever interest plaintiff had in the Copper Queen claim was forfeited by her failure to do the annual representation work for the year 1915; that thereafter, on January 1, 1916, while the premises were open to relocation, defendants went upon the ground and located it as the "Blue Ribbon" claim. A similar defense is interposed to the second cause of action; defendants claiming the ground covered by the Anna location under their relocation of it as the "Old Crow" claim. All affirmative allegations were put in issue by reply. The trial court found in favor of plaintiff upon the first cause of action and in favor of defendants upon the second. Defendants have appealed from the judgment in so far as it awards to plaintiff the Copper Queen claim, and from an order denying a new trial.

1. To make out her *prima facie* case, plaintiff introduced evidence tending to show that the necessary steps were taken to a completed location of the Copper Queen claim, including the introduction in evidence of the recorded certificate of location. Appellants insist that the certificate is void, in that it does not [1] contain a sufficient reference to some natural object or permanent monument to identify the claim. The certificate was admitted in evidence without objection, and, so far as disclosed by the record, this contention is made now for the first time. Pass-

ing this, however, the evidence given by the defendants them-
selves discloses that they knew of plaintiff's claim to the Copper
Queen, were familiar with the location and boundaries of that
claim, and watched it diligently during 1915 to ascertain whether
plaintiff performed the required amount of assessment work.
Under these circumstances defendants cannot rely upon the de-
fects in the certificate.

The purpose of the certificate is to impart constructive notice
to subsequent locators of the existence of the claim, its location,
and extent, just as the markings upon the ground are intended
to impart actual notice of the same facts. (2 Lindley on Mines,
3d ed., sec. 379.) As to parties having actual notice, as defend-
[2] ants did have in this instance, the defects in the certificate,
whatever they may be, are to be deemed immaterial. Section
2293, Revised Codes, provides: "No defect in the posted notice or
recorded certificate shall be deemed material, except as against
one who has located the same ground, or some portion thereof, in
good faith and without notice." Furthermore, as defendants
[3] claim under a relocation of the ground by virtue of plain-
tiff's forfeiture of the Copper Queen, they impliedly admit the
validity of the prior location. (*Belk* v. *Meagher,* 104 U. S. 279,
26 L. Ed. 735 [see, also, Rose's U. S. Notes]; 27 Cyc. 602;
2 Lindley on Mines, sec. 404.)

2. It is earnestly insisted that the evidence establishes beyond
controversy that plaintiff did not perform the required amount
of assessment work upon the Copper Queen claim during 1915.
The answer admits that she did work of the value of $30, and
defendants' evidence discloses that the work done by plaintiff
was reasonably worth from $50 to $80, or thereabouts. In addi-
tion to the work conceded to have been done, plaintiff intro-
duced evidence tending to prove that she had expended $210
for assessment work done during 1915. The evidence was given
principally by Joseph Heilman, her husband, who testified that
he performed sixty-four days' work for the $210; that about
twenty-three days' work was performed in extending the north

tunnel on the Copper Queen a distance of twenty-two feet; that the remainder of the time was spent in prospecting over the two claims and in securing samples from a shaft on the Copper Queen. The witness Ringeling testified that the work of extending the tunnel was reasonably worth $100; so that, if we disregard the testimony concerning the work of prospecting, the evidence is ample to sustain the court's finding, unless, as defendants contend, Joseph Heilman's testimony is not entitled to any credit whatever.

There are some inconsistencies and contradictions in Heilman's testimony, but to a limited extent, at least, he was corroborated by other evidence; but if he were not, it does not follow that a new trial should be granted. The court below, sitting without a jury, was not bound to decide in conformity to the declarations of defendants' witnesses, if they did not produce conviction. (Sec. 8028, Rev. Codes.)

It is the rule in equity cases that the findings of the trial court [4] will not be disturbed on appeal unless the evidence clearly preponderates against them. (*Smith* v. *Hoffman,* 56 Mont. 299, 184 Pac. 842.) The lower court had the several witnesses before it, heard them testify, observed their demeanor, and was in a much more advantageous position to determine their credibility than are the members of this court. We cannot say from the record that a different conclusion was commanded by the evidence. (*Roberts* v. *Oechsli,* 54 Mont. 589, 172 Pac. 1037.)

3. Costs were awarded to plaintiff, and appellants complain of [5] the order and insist that, as each party was successful in part, the costs should have been apportioned between them, or that defendants should have been permitted to offset their costs against the costs awarded to plaintiff. We think it clear that this is a case which falls within the purview of section 7156, Revised Codes, and that the disposition of the question of costs was within the sound, legal discretion of the court. (11 Cyc. 37; 15 Corpus Juris, 39.) There are considerations which might well have appealed to the court's discretion and fully justified the particular disposition made of the costs in this case; at least,

it cannot be said that the record discloses clearly a manifest abuse of discretion.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY, MATTHEWS and COOPER concur.