SAM HARVEY, NELLIE E. HARVEY, T. M. CROOK, JOHN
 D. GILLAN, PHILIP J. HARVEY, ROBERT J. REED AND
 HELEN M. REED, PLAINTIFFS AND APPELLANTS, v. JOHN
 H. HAVENER, SARAH C. HAVENER, HARRY R. STEPH-
 ENS, FRANK E. MITCHELL, JEAN A. BROWN, JESSIE
 M. BROWN, W. R. CHURCHILL, M. L. MUMMEY, RALPH
 L. MODIC, AND ALL OTHER PERSONS UNKNOWN, CLAIMING OR
 WHO MIGHT CLAIM ANY RIGHT, TITLE, ESTATE OR INTEREST
 IN, OR LIEN OR ENCUMBRANCE UPON THE REAL PROPERTY
 DESCRIBED IN THIS COMPLAINT, OR ANY THEREOF, ADVERSE TO
 PLAINTIFFS' OWNERSHIP, OR ANY CLOUD UPON PLAINTIFFS'
 TITLE, WHETHER SUCH CLAIM OR POSSIBLE CLAIM BE PRESENT
 OR CONTINGENT, INCLUDING ANY CLAIMS OR POSSIBLE CLAIM
 OF DOWER, INCHOATE OR ACCRUED, DEFENDANTS AND RESPOND-
 ENTS.

No. 9807.

. Submitted April 13, 1959. Decided June 24, 1959.

340 Pac. (2d) 1084.

MR. JUSTICES ADAIR and BOTTOMLY dissented.

John D. Gillan, Havre, for appellant.

D. J. Sias, Chinook, Harry R. Stephens, Belle Fourche, S. D., Ralph J. Anderson, Helena. Ralph J. Anderson argued orally, for respondents.

MR. JUSTICE CASTLES:

This is an appeal from a judgment of the district court of Blaine County, in which judgment the court adjudged that the defendants had a valid mining claim in their Mitch No. 33 superior to the plaintiffs' Ajax and War Bonnet claims.

The mining claims involved are all located in the east half of Section 21, Township 33 north, Range 22 east in Blaine County. Both parties located placer claims for bentonite. The location of the claims with reference to each other are best described by two plats of the half section as follows:

Appellants' Claims Respondents' Claims

E ½ of Sec. 21, T. 33 N., R. 22 E.
Blaine County, Mont.

The chronology of events leading up to the conflicting claims are as follows:

"Mitch 23 & 24

"Original certificates of location

"Dec. 6th, 1954: Filed, unverified, with Clerk and Recorder.

"Feb. 8th, 1955: Signature of Jean A. Brown, one of the locators, on the certificate was acknowledged before a Notary Public who affixed to the filed instrument his certificate of acknowledgment.

"Feb. 10th, 1955: Recorded with Clerk and Recorder.

"Amended certificate of location

"Feb. 12th and 14th, 1955: Acknowledged before Notary Public.

"Feb. 14th, 1955: Recorded with Clerk and Recorder.

"War Bonnett

"Original certificate of location

"Dec. 17th, 1954: Acknowledged before Notary Public.

"Dec. 22nd, 1954: Recorded with Clerk and Recorder.

"Amended certificate of location

"Jan. 25th, 1955: Acknowledged before Notary Public.

"Jan. 25th, 1955: Recorded with Clerk and Recorder.

"Mitch 33

"Aug. 2nd, 1955: Certificate acknowledged before Notary Public.

"Aug. 3rd, 1955: Recorded with Clerk and Recorder."

The court below in its findings of fact specifically found as follows:

"7. That the Plaintiffs, at the time of staking or allegedly staking the War Bonnett Placer Mining Claim and the Ajax Placer Mining Claim and at the time of filing their Certificate of Location for the War Bonnett Placer Mining Claim and the Ajax Mining Placer Claim, had actual knowledge that the Defendants had located or were attempting to locate Placer Mining Claim known as Mitch No. 24 which covered the Northeast Quarter of Section Twenty-one and Placer Mining Claim Mitch No. 23 which covered the Southeast Quarter of Section Twenty-one * * *.

"8. That the Plaintiffs did not act in good faith in locating their War Bonnett Placer Mining Claim or Ajax Placer Mining Claim, having knowledge at the time of said location, or attempt to locate, that the Defendants had located, or were attempting to locate, a Bentonite Placer Mining Claim covering all of the property included in the Ajax and War Bonnett Placer Mining Claims."

In its conclusions of law we find the following:

"4. That the locations of the Placer Mining Claims known as Ajax Placer Mining Claim and War Bonnett Placer Mining Claim by the Plaintiffs were made other than in good faith and with notice that the Defendants had acquired and were locating Placer Mining Claims upon the property covered by the Ajax and War Bonnett Placer Mining Claims prior to the time Plaintiffs made any attempt to locate the Ajax and War Bonnett Placer Mining Claims."

Appellants herein do not specify as error the above-noted findings of fact. They do not, in fact, include any of the court's findings within their specifications of error.

The record amply supports the findings of fact. The appellants' specifications of error go to the introduction of certain of the respondents' exhibits and the court's conclusions of law.

The question presented on this appeal is as to the effect of R.C.M. 1947, sec. 50-713, as it relates to sections 50-701 and 50-702 in the location of placer mining claims. The appellants urge that certain defects in the certificate of location of the respondents make the respondents' claims inferior to their own.

Appellants argue that defendants' Exhibits Nos. 1 and 2, which are the certificates of location of the Mitch No. 23 and 24 claims, do not conform to the requirements of sections 50-701 and 50-702 in the following respects:

1. Certificates were not verified when filed;

2. That they were not verified and recorded within the sixty-day period from completion of the discovery work;

3. That the dimensions of the discovery cuts or pits are not set forth; and

4. That the locations of the discovery cuts or pits on the claims are not set forth.

Appellants also contend that defendants' Exhibits Nos. 3 and 4, which are the amended certificates of location of the Mitch No. 23 and 24 claims, do not conform to the requirements of sections 50-701 and 50-702 in the following respects:

1. The location of the discovery cut or pit on the claim is not set forth; and

2. That it was recorded more than sixty days after the discovery work was completed on the claim.

Defendants' Exhibit No. 6 is the recorded certificate of location of the Mitch No. 33 claim and recites that the claim was discovered and located on August 2, 1955, and is junior to the locations of the War Bonnett and Ajax Claims; and if the locations of the War Bonnet and Ajax claims are valid locations, then the Mitch No. 33 location is of no force and

effect insofar as it adverses the Mitch No. 23 and 24 locations in the event they could be held valid locations.

We are thus called upon to determine as it applies to the appellants who attempted to "jump" the claims, the meaning of section 50-713, R.C.M. 1947, which reads as follows:

"The period of time prescribed by this law for the performance of any act shall not be deemed mandatory where the act is performed before the rights of third persons have intervened, and no defect in the posted notice or recorded certificate shall be deemed material, except as against one who has located the same ground, or some portion thereof, in good faith and without notice. Notice to an agent, who makes a location in behalf of another, shall be deemed notice to his principal, and notice to one of several coclaimants shall be deemed notice to all."

The question might best be phrased as: Does the failure to record a verified location notice operate to deprive the locator of a mining claim of his interest therein as against one who enters the property and makes a subsequent location with notice of the prior claim?

When the claim is marked by boundary stakes, and the discovery work performed immediately, an estate is vested in the locators which is not divested by the failure to record a proper location notice, since the statute providing for recording does not thereby provide for a forfeiture and the location thereby created is good and valid as against all who have actual notice of the location. The only person who can invalidate such a defective recorded location notice is one who makes a valid location without actual notice of the prior location.

Such was the holding of the federal courts with reference to locations in Montana. In the case of Clark-Montana Realty Co. v. Butte & Superior Copper Co., D. C., 233 F. 547, 554, the court said:

"The verifications to said declaratory statements were defective, in that in substance each of them merely recited that

the locators were citizens and that the instrument was a copy of the original notice of location posted on the claim. In 1885 the Montana territorial Supreme Court first held that for like defective verification the declaratory statement was void. Later this was expanded to hold the location also was void. See Hickey v. [Anaconda Copper] Mining Co., 33 Mont. 46, 81 Pac. [806] 810. And that continued the rule of decision until 1907, when it was modified by statute, providing that the record of the certificate of location is for constructive notice, that a certified copy thereof is prima facie evidence of all facts properly recited in the certificate of location, and that no defect is material save in favor of subsequent locators 'in good faith and without notice.' Laws of Montana, 1907, c. 16, sec. 11. * * *

"A location and its record are different things. The federal and most state statutes distinguish between them, the former even in authorizing local rules 'governing the location' and 'manner of recording.' Comp. St. 1913, sec. 4620. The statutory object is to protect and reward discoverers of mines. Discovery with intent to claim is the principal thing and vests an estate—an immediate fixed right of present and exclusive enjoyment in the discoverer. The record is incidental machinery to secure to the discoverer his reward and to give notice to others. The spirit of all recordation acts is notice to protect others against secret equities. If the record is not necessary to create the estate (as it is in the manner of homestead exemptions and mechanics' liens), the statute providing for recording is but a direction to do certain acts and does not create conditions subsequent; and if the statute provides no forfeiture for failure to record, by failure the estate is not divested. Recordation of mining locations cannot be a condition precedent, for the estate arises before recordation is to be performed."

This case and the holding therein made was affirmed in the Circuit Court of Appeals, 9 Cir., 1918, 248 F. 609, 612, and such decision was affirmed by the United States Supreme Court on

444

the precise grounds above set forth. 249 U. S. 12, 39 S. Ct. 231, 63 L. Ed. 447, 457.

The Clark-Montana Realty Co. case was decided in 1916 and affirmed in 1919. The appellants urge that this court's holding in Ringling v. Mahurin, 59 Mont. 38, 47, 197 Pac. 829, decided in 1921, in interpreting section 50-713 is controlling wherein the court, 59 Mont. at page 47, 197 Pac. at page 831, referring to the amendment in 1907, said: "This legislation does not relax the rule further than to direct the courts to disregard defects or irregularities in the posted and recorded notice, and the failure to do any of the other acts made necessary to complete a location, when it appears that such acts have in fact been done before a location of the same ground has been made by another. It does not declare that a failure to do the other acts required to perfect a location shall not invalidate it. In this respect it merely declares that the period of time prescribed within which an act may be performed shall not be deemed mandatory if it is performed before the rights of third parties have intervened. It does not purport to excuse the performance of the act, even though the subsequent locator has notice of a prior location which does not comply with the statute."

The appellant then argues that this court has repeatedly construed sections 50-701 and 50-702, R.C.M. 1947, as laying down mandatory statutory provisions regarding location and recording of claims, and that these mandatory provisions must be substantially complied with to acquire any right under a location. The appellant then quotes and cites Purdum v. Laddin, 23 Mont. 387, 69 Pac. 153; Walker v. Pennington, 27 Mont. 369, 71 Pac. 156; Wilson v. Freeman, 29 Mont. 470, 75 Pac. 84, 68 L. R. A. 833; Helena Gold & Iron Co. v. Baggaley, 34 Mont. 464, 87 Pac. 455; Dolan v. Passmore, 34 Mont. 277, 85 Pac. 1034; Ferris v. McNally, 45 Mont. 20, 121 Pac. 889.

The latest of these cases, except Ferris v. McNally, supra, is Helena Gold & Iron Co. v. Baggaley, supra, which case was decided November 5, 1906, prior to the enactment of section 50-713 in the year 1907.

The "mandatory" requirements of Montana law which the appellant refers to are all requirements with reference to the contents of the posted and recorded notices. In the quotation previously set out from Ringling v. Mahurin, supra, it is obvious that this court meant that all *other acts* which must be completed in order to prevent the subsequent locator with notice from acquiring any right are "the other acts" required by the statutes, i. e., posting of corners, discovery work, etc. In other words, as to persons with actual notice the provisions of the statute with respect to the contents of the recorded certificate are not in any sense of the word mandatory.

Although in the Ringling v. Mahurin opinion, the court was urged to follow the rule heretofore set out in the quotation from Clark-Montana Realty Co. v. Butte & Superior Copper Co., supra, it would not go so far because as the court in the Ringling case, supra, at page 58 of 59 Mont., at page 831 of 197 Pac., noted: "There was evidence to the effect that Huxley, the locator of the Legal Tender and the Iron Master claims, did nothing more than to post his notices and mark the boundaries, having appropriated as the excavations which he should have made, as required by section 2283 of the Revised Codes [1907, now R.C.M. 1947, sec. 50-701], those which had been made by others years before in locating and endeavoring to develop the same ground, subsequently abandoned."

Our conclusion of what was meant by this court in Ringling v. Mahurin, supra, is reinforced by this court's statement in Heilman v. Loughrin, 57 Mont. 380, 382, 188 Pac. 370, 371, wherein it was said: "As to parties having actual notice, as defendants did have in this instance, the defects in the certificate, whatever they may be, are to be deemed immaterial. Section 2293, Revised Codes [1907, now R.C.M. 1947, section 50-713], provides: 'No defect in the posted notice or recorded certificate shall be deemed material, except as against one who has located the same ground, or some portion thereof, in good faith and without notice'."

446

See also the case of Lehman v. Sutter, 60 Mont. 97, 102, 198 Pac. 1100, 1102, wherein this court said:

"In view of the fact that plaintiff made his locations with knowledge that the defendants were claiming the ground under the Sutter locations, the allegations touching defects in the recorded certificates of these claims become wholly immaterial. (Rev. Codes [1907], Sec. 2293 [now R.C.M. 1947, sec. 50-713].) They may be passed without further notice."

This conclusion is not weakened in any respect by the case of Dolan v. Passmore, 34 Mont. 277, 85 Pac. 1034, cited and discussed by appellants. That case was decided June 11, 1906. Section 50-713, supra, hereinbefore set forth did not appear in the Montana Codes until it was enacted as section 11, of chapter 16, Laws of 1907. To follow the rule of Dolan v. Passmore, supra, in the face of section 50-713, would render that section completely ineffectual and would remove it from our Code as effectively as would a repeal by the Legislature.

Ferris v. McNally, supra, 45 Mont. 21, 121 Pac. 889, was decided in 1912 but the controversy in that case was not concerned with the certificates. The controversy as stated by this court, 45 Mont. at page 24, 121 Pac. at page 892, was as follows:

"The controversy at the trial, so far as plaintiffs are concerned, turned upon two question of fact, viz.: (1) Whether they had made a discovery of mineral-bearing rock in place; and (2) whether they had done the amount of exploration work required by the statute to make their location valid."

In other words, the Ferris case was concerned with what is spoken of in Ringling v. Mahurin, supra, as "all other acts." It does not appear from the opinion whether the defendants in that case had or did not have actual notice of the locations of the plaintiffs and section 50-713, R.C.M. 1947 (then section 2293, R.C.M. 1907) is not considered nor cited in the opinion.

Section 50-713 was obviously designed to prevent the very sort of a thing which the appellants in this cause have attempted to do. Without that statute under the ruling of Dolan

v. Passmore, supra, and similar cases upon which appellants rely, "claim jumping" could become a very profitable occupation. Minor technical defects in the record or certificates of location would make valuable and otherwise valid claims legitimate prey for any person whose attention might be attracted to the claims by the very work being done thereon.

We hold then that under section 50-713, the failure to record a verified location of a mining claim does not operate to deprive the locator of his interest therein as against one who enters the property and makes a subsequent location with notice of the prior claim.

One other facet of the appeal should be mentioned. The appellant argues that the Mitch No. 33 claim of the respondents is of no force nor effect insofar as it adverses the Mitch No. 23 and 24 locations in the event that those locations should be valid locations. In making this argument the appellants completely overlook and ignore three code sections here applicable. Section 50-708, R.C.M. 1947, enacted as section 6, chapter 16, Laws of 1907, provides as follows.:

"A locator or claimant may at any time amend his location, and make any change in the boundaries which does not involve a change in the point of discovery as shown by the discovery shaft, by marking the location as amended upon the ground, and filing an amended certificate of location conforming to the requirements of an original certificate of location. A defect in a recorded certificate of location may be cured by filing an amended certificate."

Section 50-709, R.C.M. 1947, enacted as section 7, chapter 16, Laws of 1907, provides as follows:

"A locator or claimant may at any time relocate his own claim for any purpose, except to avoid the performance of annual labor thereon, and, by such relocation, may change the boundaries of his claim, or the point of discovery, or both, but such relocation must comply in all respects with the requirements of this law as to an original location."

Section 50-710, R.C.M. 1947, enacted as section 8, chapter 16, Laws of 1907, provides as follows:

"Where a locator or claimant amends or relocates his own claim, such amendment or relocation shall not be construed as a waiver of any right or title acquired by him by virtue of the previous location or record thereof, except as to such portions of the previous location as may be omitted from the boundaries of the claim as amended or relocated. As to the portion of ground included both in the original location and the location as amended or relocated, he may rely upon the original location or the location as amended or relocated, or upon both; provided, that nothing herein contained shall be construed as permitting the locator or claimant to hold a tract which does not include a valid discovery."

In order to avoid the force and effect of these statutes the appellants rely upon section 50-711, R.C.M. 1947, providing as follows:

"No amendment or relocation of a mining claim by the locator or claimant thereof shall interfere with the right of any third person existing at the time of such amendment or relocation."

This section, however, is of no assistance to the appellants for the reason that they had actual knowledge of respondents' prior locations, the Mitch No. 23 and No. 24, and the only defects upon which they rely are defects in the recorded certificate which do not aid persons in their position under the provisions of section 50-713, R.C.M. 1947.

For the foregoing reasons, the judgment of the district court is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICE ANGSTMAN, concur.

MR. JUSTICE BOTTOMLY, dissenting:

I cannot agree with the holding of the majority herein.

In my opinion there was no valid entry, location or certifi-

cate of location recorded by the defendants as required by law at the time plaintiffs entered, posted, excavated, and filed their verified certificate of location as required by the mandatory provisions of our state statutes. Defendants' certificates of location, being defective and not being recorded as required and not containing the mandatory information as required by R.C.M. 1947, secs. 50-701, and 50-702, should be declared a nullity. Section 50-713 should not apply because rights of third parties had intervened before the statutory requirements were perfected. It would only extend unnecessarily this dissent set forth in detail my further objections to the majority opinion.

MR. JUSTICE ADAIR, dissents.