(June 26, 1926.)

ROY HAWLEY and G. W. McCHESNEY, Respondents, v. DANIEL ROMNEY, E. B. KING, and D. V. ARCHBOLD, Appellants.

[247 Pac. 1069.]

TRIAL—MINES AND MINERALS—GRUBSTAKE AGREEMENT—EVIDENCE—FINDINGS—COMPLIANCE WITH STATUTORY REQUIREMENTS CONCERNING LOCATION OF MINING CLAIMS.

1. Defendants cannot assign error to denial of motion for nonsuit at conclusion of plaintiff's testimony, where, following denial, defendants introduced evidence on their own behalf.

2. A grubstake agreement is properly admitted in evidence, in action to quiet title and for injunction relative to property acquired in pursuance of such agreement.

3. Engineer's plat of mining claims *held* properly admitted in action to quiet title and for injunction as to claims discovered in pursuance of grubstake agreement.

Argument for Appellants.

4. Findings that at time of location of mining claims stakes were erected and notice posted, corners properly marked, and excavation done, and claims properly filed for record, *held* to show compliance with United States and state law as to location of mining claims on public domain.

5. Statute requiring, as condition to valid location, discovery within limits of claim, should receive liberal construction as between conflicting claimants to mineral lands.

6. Fact that discovery points are not in center of mining claims does not invalidate them.

7. Evidence *held* sufficient to sustain finding of performance of statutory requirements as to development' work of mining claims.

8. Trial court. *held* to have properly adjudged plaintiffs to be owners of two-thirds interest in mining claims in accordance with grubstake agreement and subsequent agreement and location notices posted by parties.

APPEAL from the district court of the Sixth Judicial District, for Butte County. Hon. Ralph W. Adair, Judge.

Action to quiet title and for injunction. Judgment for plaintiffs. *Affirmed.*

Peterson & Coffin, and E. G. Frawley, for Appellants.

While the courts permit a liberal construction, the liberality must be exercised within reasonable and common-sense limitations. Locations are not permitted upon a conjecture or imaginary existence of a vein. (*King v. Amy & Silversmith Mining Co.*, 152 U. S. 222; *Waterloo Mining Co. v. Doe*, 56 Fed. 685, 14 Sup. Ct. 510, 38 L. ed. 419, 18 Mor. Min.

Publisher's Notes.

3. See 10 R. C. L. 1152.

4. See 18 R. C. L. 1129 et seq.

5. See 18 R. C. L. 1114.

Evidence, 22 C. J., sec. 1114, p. 910, n. 15.

Mines and Minerals, 40 C. J., sec. 182, p. 787, n. 27 New; sec. 501, p. 934, n. 83; sec. 502, p. 935, n. 90; sec. 503, p. 936, n. 99; sec. 504, p. 937, n. 12.

Trial, 38 Cyc., p. 1561, n. 53.

Rep. 76; *Miller v. Chrisman,* 140 Cal. 440, 98 Am. St. 63, 73 Pac. 1083, 74 Pac. 444; Lindley on Mines, 3d ed., sec. 346.)

That one joint tenant or tenant in common may not oust another from possession seems to be fundamental. (11 Pleading & Practice, 790; 23 Cyc. 490, 493; *Carpentier v. Webster,* 27 Cal. 524; Lindley on Mines, 3d ed., sec. 788.),

Whitcomb, Cowen & Clark, for Respondents.

Where there is a conflict in the evidence, the findings and judgment of the trial court will not be disturbed on appeal when the proof is sufficient, if uncontradicted, to support it. (*Choate v. North Fork High. Dist.,* 39 Ida. 483, 228 Pac. 885; *Bedal v. Smith,* 36 Ida. 797, 214 Pac. 213; *Woodland v. Hodson,* 35 Ida. 514, 207 Pac. 715; *Viel v. Summers,* 35 Ida. 182, 209 Pac. 454; *Fruitland State Bank v. Lauer,* 34 Ida. 272, 200 Pac. 127; *Clifford v. Lake,* 33 Ida. 77, 190 Pac. 714; *Bafus v. Peeper,* 33 Ida. 324, 194 Pac. 96.)

The association is practically a partnership for the location of mining property. (*Lawrence v. Robinson,* 4 Colo. 567; *Abbott v. Smith,* 3 Colo. App. 264, 32 Pac. 843.)

And the prospector may take no unfair advantage of his associates in dealing with the property. (2 Lindley on Mines, sec. 858; *Marshall v. Niagara Springs Orchard Co.,* 22 Ida. 144, 125 Pac. 208; *Sierra Blanca Min. etc. Co. v. Winchell,* 35 Colo. 13, 83 Pac. 628; Morrison Mining Rights, 15th ed., p. 101.)

The discoveries made by Romney on the claims would inure to all three locators, as the location may be made entirely by agent.

The estate so acquired cannot be divested by making a second location leaving out the names of the original locators, so long as the first location remains valid and subsisting. (1 Lindley on Mines, sec. 331, note 7.)

The order in which the acts of location are performed is immaterial. (1 Lindley on Mines, sec. 330; *Gregory v. Pershbaker,* 73 Cal. 109, 14 Pac. 401; *Erwin v. Perego,* 93 Fed. 608, 35 C. C. A. 482; *Jupiter Min. Co. v. Bodie Consol.*

*Min. Co.,* 11 Fed. 666; *North Noonday Min. Co. v. Orient Min. Co.,* 1 Fed. 522, 6 Sawy. 299, 9 Mor. Min. Rep. 529.)

WM. E. LEE, J.—Early in the year 1921, Daniel Romney, one of the appellants, and the respondents Hawley and McChesney, entered into an agreement to the effect that respondents would furnish a grubstake, a team, etc., to be used in locating and acquiring certain known mining property and Romney would locate the mining property, do the necessary development work (with certain help from respondents) and acquire the property for the three parties jointly, each to possess an undivided one-third interest. On the 6th of June respondents went on the mining ground and found that Romney had staked out certain claims in his own name. They discussed the situation with Romney and it was agreed that four mining claims, the "Blue Bird," "Winona," "Elgin" and "Fairview," should be located and acquired in the names of the three parties. They thereupon wrote out and posted on the four claims notices in the names of the three as locators, and destroyed the notices theretofore posted by Romney. Respondents left one Collins, who was in their employ, and Romney to do the development work under the direction of Romney. Collins remained on the claims for some time and, with Romney, continued to do development work until ordered off the claims by appellants. Romney later tore down the notices posted by respondents and himself. Shortly thereafter respondents destroyed the new Romney notices and posted copies of the notices they had all posted on June 6th, in the names of the three persons. Respondents on June 16th caused notices posted on the 6th day of June to be recorded, which was after certain notices of the location of this ground posted by Romney had been recorded. Respondents having been excluded from possession of the claims commenced this suit to quiet their title against appellants in and to an undivided two-thirds interest in the claims. The cause was tried in the court, who made findings of fact and conclusions of law in favor of respondents and

decreed them to be the owners of an undivided interest in ·
the four claims.

Appellants make several assignments of error, some of
which are quite general in their nature.

[1]   It is pointed out that the court erred in denying ap-
pellants' motion for nonsuit at the conclusion of plaintiff's
testimony.   It is a sufficient answer to this assignment to
suggest that following the denial of the motion, appellants
introduced evidence on their behalf.   (*Blackfoot City Bank
v. Clements,* 39 Ida. 194, 226 Pac. 1079; *Bevercombe v. Denny
& Co.,* 40 Ida. 34, 231 Pac. 427, and cases there cited.)

[2]   It is said that error was committed in admitting the
grubstake agreement.   No authorities are cited to this point
and it is only suggested that the agreement had no relevancy
or bearing on the case.   The grubstake agreement was made
by the parties, and according to its terms respondents fur-
nished Romney supplies ·and a team, as well as the services
of Collins and another to do development work.   It also
tended to show a partnership between the parties for ac-
quiring the mining property and the interest of each of the
parties in such property.   Its admission was not error.   [3]
We also fail to see how the admission of the plat of the
claims, prepared by an engineer, constituted error, it not
having been pointed out in what respect or for what reason
its admission was erroneous.

·  [4]   The court found that the claims were located on un-
appropriated public domain, that each of the parties was
to share equally in the claims and, in Finding IV : That the
said parties made a discovery of ore and mineral-bearing rock
on each of the said claims prior to the location thereof, and
that at the time of making the said location, they erected a
stake or monument at the point of discovery of each of the
said claims, upon which was placed a copy of a notice of
location upon each of such claims; That within ten days
after the posting of such notices of location, they bounded
and described each of the said claims upon the ground by
erecting a stake of sufficient size and height at each of the

corners upon each of the said claims, and properly marked such stakes respectively with the name of the claim for which it was erected, and the proper corner; That thereafter, and prior to the filing of the notices thereof, they excavated at least one hundred sixty (160) cubic feet of earth and material at the point of discovery on each of the said claims; That thereafter, and within sixty days from the posting of the notices of location on said claims, they filed for record with the County Recorder of said Butte County, a copy of such notices of location for each of the said claims, and otherwise complied with all of the laws of the United States, and of the State of Idaho, in reference to the location of mineral claims upon the public domain of the United States.

The facts found by the court show a compliance with the laws of the United States and this state relative to the location of mining claims on the public domain.

[5] On the material issues the facts testified to by the respondents and Collins were denied by Romney. The trial court, who saw and heard the witnesses testify and noted their demeanor, believed the testimony adduced by respondents and evidently disbelieved that of Romney. On the principal assignment discussed by appellants, that of the insufficiency of the evidence, the record has been examined to determine if there is any substantial evidence to sustain the findings in the respects in which it is contended the evidence is insufficient. We have concluded that the evidence is sufficient to sustain the findings and that the findings justified the decree for respondents. Hawley testified that there was ore-bearing rock in sight where the location notices were placed, and that he saw a distinct vein of lead and silver. This is in no respect disputed. "It is entirely true that the statute requiring as a condition to a valid location the discovery of mineral within the limits of the claim, should, as between conflicting claimants to mineral lands, receive a broad and liberal construction. . . . . " (*Nevada Sierra Oil Co. v. Home Oil Co.*, 98 Fed. 673.) It is worthy of note

that Romney had made the same discoveries, for he helped post the location notices on June 6th and thereafter tore down such notices and placed other notices at the same places. [6] The fact that the discovery points are not in the center of the claims would not invalidate them. Where the locators extend their claims too far, it would seem that they do not on that account lose their right to the ground they were entitled to take. (*Flynn Group Mining Co. v. Murphy*, 18 Ida. 226, 138 Am. St. 201, 109 Pac. 851; 2 Lindley on Mines, 3d ed., sec. 362.) [7] These discovery points, as well as the extent of the claims, were originally made and indicated by Romney. The testimony of Collins, who, with Romney and under Romney's direction, performed the development work, is sufficient to sustain the finding of a performance of the statutory requirement in this respect.

[8] In its decree, the court adjudged respondents to be the owners of an undivided two-thirds interest and Romney and his successors an undivided one-third interest. Such adjudication is certainly in harmony with the evidence of respondents as to the original grubstake agreement as well as the agreement and locations of June 6th. Believing the evidence on behalf of respondents, it is difficult to see how the court could have reached a contrary determination.

Affirmed.

William A. Lee, C. J., and Budge, Givens, and Taylor, JJ., concur.