(No. 4865.   July 26, 1929.)

DAVE SELLERS and WILLIAM SELLERS, Appellants,
v. W. A. TAYLOR, Respondent.

[279 Pac. 617.]

Walter H. Hanson and Therrett Towles, for Appellants.

H. J. Hull, for Respondent.

WM. E. LEE, J.—■ This action was begun by appellants, plaintiffs below, to quiet their possessory rights to certain mining claims known as the "Clarke," "Larson" and "Featherwood," located by them on August 12, 1922, in the Eagle Mining District of Shoshone county. Defendant denied the material allegations of the complaint and, by way of cross-complaint, alleged his prior valid location of three claims which embraced the same ground. It appears that respondent, defendant below, has been in possession of the disputed ground and has performed assessment work thereon practically every year since 1906. He claims that in 1921, while doing assessment work, he found that the "vein turned and crossed the side line" of one of his claims. In view of the discovery he permitted his locations to lapse by failing to perform the assessment work and, on July 1, 1922, filed the locations in question, the "Lost Compass," "Prospect" and "Tunnel Site," to conform to the course of the vein. Appellants were acquainted with respondent and the fact of his former locations. Under the impression that he had abandoned his claims, they had the ground, covered by his claims, pointed out to them and made their locations thereon. From a judgment for defendant, this appeal is prosecuted.

Appellants argue that respondent's locations "are void, because he could not lawfully abandon mining ground by failing to do the annual assessment work for the sole purpose of relocating it and thus evade the doing of the annual labor required by law to be done in order to hold the same," relying on 2 Lindley on Mines, 3d ed., sec. 405, Costigan on Mining Law, sec. 96, p. 327, and *Lehman v. Sutter,* 60 Mont. 97, 198 Pac. 1100. The texts cited may be said to support appellant. The Montana decision holds that under sec. 2289 of the Revised Codes of that state, one may relocate his mining claim for any purpose except to avoid the doing of the annual assessment work. None of the courts,

it seems, has followed the two text-writers. On the contrary, it is the general rule in the mining states, under sec. 2324 of the United States Revised Statutes, that the locator of a lode mining claim, who allows his location to lapse by failure to perform the required assessment work, may make a new location covering the same ground. (*Rohn v. Iron Chief Min. Co.*, 186 Cal. 703, 200 Pac. 644; *Warnock v. DeWitt*, 11 Utah, 324, 40 Pac. 205; *Emerson v. Akin*, 26 Colo. App. 40, 140 Pac. 481; *Shoshone Min. Co. v. Rutter*, 87 Fed. 801, reversed on other grounds, 177 U. S. 505, 20 Sup. Ct. 726, 44 L. ed. 864.) It appearing that respondent filed his new locations in order to make his lines conform to the vein rather than to avoid doing the annual labor, in harmony with the prevailing opinion of the courts of this mining section, we hold that his locations were not rendered invalid by reason of his failure to perform the required assessment work for the preceding year.

It is next contended that a reading of the location notices will disclose that the respective location monuments are not tied to any permanent monument or natural object. C. S., sec. 5521, reads: " . . . . he must post his discovery monument his notice of location in which must be stated: . . . . sixth, the distance and direction from the discovery monument to such natural object or permanent monument, if any such there be, as will fix and describe in the notice itself the location of the claim . . . . " It is not necessary, however, to pass on the sufficiency of the notices. The object of the statute is to give notice of the location of the claim, and when a subsequent locator has actual knowledge of the location of a claim, he is not misled by a deficient description and cannot take advantage of it. When appellants made their locations they relied on actual knowledge that the ground had been claimed by respondent and were not deceived by the description contained in the notice. (*Bismark Mountain Gold Min. Co. v. North Sunbeam Gold Co.*, 14 Ida. 516, 95 Pac. 17; *Flynn Group Min. Co. v. Murphy*, 18 Ida. 266, 138 Am. St. 201, 109 Pac. 851; *Blake v. Cavins*, 25 N. M. 574, 185 Pac. 374; *Lehman v. Sutter*,

*supra; National Mill & Min. Co. v. Piccolo,* 54 Wash. 617, 104 Pac. 128; *Ninemire v. Nelson,* 140 Wash. 511, 249 Pac. 990.)

During the course of the trial it developed that other persons were interested in the mining claims with respondent, and that he intended to convey interests in the claims to the others when he had perfected his title. It is now contended that such other persons should have been made parties to the action. C. S., sec. 6657, provides that the court may determine any controversy between the parties when it can be done without prejudice to the rights of others. In sustaining respondent's locations, the trial court fully protected the interests and rights of those who may be interested through respondent. It is not suggested that either appellant, respondent or the other persons are in any manner prejudiced by reason of the fact that the other persons were not made parties. (See *Seyberth v. American Commander Min. Co.,* 42 Ida. 254, 245 Pac. 392.) Under the circumstances we are satisfied that the other persons were not indispensable parties, and the failure to bring them in does not affect the judgment. (*Frost v. Idaho Irr. Co.,* 19 Ida. 372, 114 Pac. 38.)

Judgment affirmed.

Costs to respondent.

Budge, C. J., and Givens, T. Bailey Lee and Varian, JJ., concur.